UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD FIELDS,

        Plaintiff,                                  Case No. 2:06-cv-206

v.                                                   Honorable R. Allan Edgar

WAYNE GAMELIN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the complaint against Patricia Caruso, and order service on the remaining defendants.

**Discussion**

  I.  Factual allegations

Plaintiff is presently incarcerated at the Pugsley Correctional Facility (MPF). He is complaining about his transfer on June 27, 2005, to MPF from the Hiawatha Correctional Facility (HTF). In his *pro se* complaint, he sues Patricia Caruso, Director of the Michigan Department of Corrections, and the following HTF employees: Wayne Gamelin, assistant resident unit supervisor; Marquita Malette, resident unit manager; and Fredrick Robinson, assistant deputy warden.

  Plaintiff was housed at HTF for approximately four years, during which time he worked as a clerk in the law library. At some time, he began experiencing problems receiving his legal mail. When he stated to Defendant Gamelin that he was going to file a grievance against him regarding the mail problem, Defendant Gamelin allegedly responded that he would transfer Plaintiff "so far up north, you'll lose your job and have to learn a whole new language and attitude just to eat." After Plaintiff had filed his grievance, Defendant Gamelin allegedly stated that, "[y]ou cannot win. You are a prisoner. Staff here always uphold each others actions. So keep in mind, if you insist on appealing this grievance beyond this facility, I will make sure your ass is transferred to the worst level one facility imaginable. Now try me." When Plaintiff reported Defendant Gamelin's statements to Defendant Malette, she allegedly responded that "you know that by pursuing this grievance against my staff, Mr. Gamelin, you'll be taken off your job and transferred to a worse facility." Plaintiff complained of these threats to Defendant Robinson, who allegedly stated that, "[i]f you value your stay and enjoy your privileges here, then you should not pursue your grievance any further." When Plaintiff informed Defendant Robinson that he had already filed his Step III

appeal, Defendant Robinson stated, "in that case, you can pack your property and get ready to ride out on our famous snowbird."

On June 24, 2005, Defendant Gamelin signed a Security Classification Screen Review form pertaining to Plaintiff for the purpose of a transfer. Defendant Gamelin obtained approval from Defendants Malette and Robinson. On June 27, 2005, Plaintiff was transferred to MPF. Plaintiff claims that the transfer, and loss of his prison job, were in retaliation for filing grievances. As relief for the alleged First Amendment violation, Plaintiff seeks monetary damages.

II.    Merits

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

**A.    Defendant Caruso**

Liability under § 1983 must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of *respondeat superior* or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). The acts of one's subordinates are not enough to impose liability, nor can supervisory liability be based upon the mere failure to act. *Summer v. Leis*, 368 F.3d 881, 888

(6th Cir. 2004). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee,* 199 F.3d at 300 (defendants could not be held liable for plaintiff's termination from his commissary job when their only roles in the action involved the denial of administrative grievances or the failure to act). Because Plaintiff has failed to allege facts demonstrating that Defendant Caruso engaged in any active unconstitutional behavior, he fails to state a claim against her.[1]

### B. Defendants Gamelin, Malette, and Robinson

Plaintiff has exhausted his remedies with regard to Defendants Gamelin, Malette, and Robinson. He filed a Step I grievance, number HTF-05-508005-12242, naming those Defendants and claiming retaliation, and appealed the responses through Step III.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to state a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. A plaintiff must be able to

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff did not name Defendant Caruso at Step I of his grievances. However, courts need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Caruso, the Court will dismiss his complaint against her without first requiring Plaintiff to exhaust any available administrative remedies.

prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Accepting the factual allegations in the complaint as true, Plaintiff has stated a viable First Amendment claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss the Plaintiff's complaint with prejudice against Defendant Patricia Caruso for failure to state a claim upon which relief can be granted. The Court will order service of Plaintiff's complaint on Defendants Wayne Gamelin, Marquita Malette, and Fredrick Robinson.

An Order consistent with this Opinion will be entered.


Dated: 9/19/06                                  */s/ R. Allan Edgar*
                                                R. Allan Edgar
                                                United States District Judge

- 5 -